IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RODOLFO MONTOYA-FLORES,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:23-CV-158-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for a Modification or Reduction of Sentence.[1] Plaintiff's Motion relies on 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). For the reasons discussed below, the Court will dismiss the Motion.

I. BACKGROUND

Petitioner was charged as one of 26 defendants in a 38-count Indictment for charges related to distribution of illicit substances on August 30, 2007. On May 22, 2008, Petitioner pleaded guilty to Count 1, Conspiracy to Distribute Heroin. The base offense level for Count 1 was 32. However, the Presentence Report concluded that Petitioner was a career offender, as defined in United States Sentencing Guideline § 4B1.1. Under § 4B1.1(b), if a defendant is a career offender, the offense level is determined by the table set forth in § 4B1.1(b), if that offense level "is greater than the offense level otherwise applicable." Petitioner's offense level provided in the § 4B1.1(b) table was 37. Accordingly, the PSR determined Petitioner's base offense level

---

[1] Docket No. 1.

1

was 37. After adjustment for acceptance of responsibility, Petitioner's total offense level was 34. An offense level of 34 and Petitioner's Criminal History Category of VI resulted in a guideline range of 262 to 327 months. Pursuant to the parties' plea agreement, the government recommended the low end of the guideline range at sentencing and the Court sentenced Petitioner to 262 months' imprisonment on February 25, 2009. Judgment was entered on February 26, 2009. Petitioner filed the Motion now before the Court on March 2, 2023, wherein he seeks a retroactive two-point reduction pursuant to 18 U.S.C. § 3582(c)(2). A two-point reduction would lower his guideline range to 210 to 262 months. The Court will dismiss Petitioner's Motion because (1) the Court lacks jurisdiction to modify Petitioner's sentence; (2) Petitioner's Motion is untimely; and (3) it is an unauthorized second or successive petition.

## II. DISCUSSION

"A district court is authorized to modify a [petitioner's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2] 18 U.S.C. § 3582(c)(2) allows the Court to modify a term of imprisonment under the following circumstances:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[3]

---

[2] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[3] 18 U.S.C. § 3582(c)(2).

"To be eligible for a sentence reduction under § 3582(c)(2), the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in § 1B1.10(d) of the Guidelines Manual."[4] In support of his motion, Petitioner relies on Amendment 782 to the Sentencing Guidelines, which reduced "by two levels many of the base offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c)."[5] Petitioner does not qualify for a reduction under this amendment. Petitioner's sentence was not based on the drug-quantity table in the Guidelines. Instead, Petitioner was sentenced as a career offender under § 4B1.1. The Court, therefore, lacks the authority to reduce Petitioner's sentence under § 3582(c) and Amendment 782 because Petitioner was sentenced as a career offender.[6] Therefore, the Court must dismiss this Motion for lack of jurisdiction.[7]

Even if the Court had jurisdiction, Petitioner's Motion must be dismissed as untimely. In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[8] 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016).

[5] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

[6] *Id.*; *United States v. Bowman*, 645 F. App'x 774, 775 (10th Cir. 2016); *United States v. Gilchrist*, 752 F. App'x 681, 682 (10th Cir. 2019).

[7] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

[8] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[9]

Judgment was entered in this case on February 26, 2009. Petitioner did not file a direct appeal. Petitioner's conviction became final when the time to file a direct appeal expired on March 12, 2009.[10] Petitioner was therefore required to submit his petition by March 12, 2010, for it to be timely under § 2255(f)(1). Petitioner filed the Motion nearly 13 years passed this deadline. Petitioner's Motion makes no argument regarding timeliness. To the extent Petitioner relies on the enactment of Amendment 782 to establish timeliness, this fails for two reasons. First, Amendment 782 cannot reset the statute of limitations because it: did not remove a violation of the Constitution or laws of the United States under § 2255(f)(2); is not a right recognized in a decision of the United States Supreme Court under § 2255(f)(3); and does not present new facts under § 2255(f)(4).[11] Second, Amendment 782 was enacted on November 1, 2014. Therefore, even if the enactment of Amendment 782 could reset the statute of limitations, Petitioner's Motion would still be untimely.

---

[9] 28 U.S.C. § 2255(f).

[10] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases).

[11] *United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017) (rejecting the petitioner's argument that "an amendment to the sentencing guidelines constitutes a 'fact' that would reset the one-year statute of limitations under § 2255(f)(4)").

"[The] one-year statute of limitations is subject to equitable tolling in 'rare and exceptional circumstances.'"[12] "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[13] Petitioner provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here. Therefore, the Court finds that Petitioner's Motion is also barred by the statute of limitations.

Finally, because Petitioner has already filed a petition under § 2255, his Motion constitutes an unauthorized second or successive petition. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[14] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[15] The Court has the authority to transfer a second or successive motion under § 2255 to the appropriate court of appeals for authorization, but before doing so, the Court must consider whether a transfer is in the interest of justice.[16]

The Tenth Circuit has set out factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

---

[12] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted).

[13] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted).

[14] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[15] *Id.* at 1251.

[16] *See* 28 U.S.C. § 1631.

whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[17]

Considering these factors, the Court finds that it is not in the interest of justice to transfer the Petition for many of the same reasons set forth above. Petitioner's claim would be time-barred under 28 U.S.C. § 2255(f). Petitioner's claims are not likely to have merit. Finally, based on Petitioner's prior filing history, the Court finds that it was clear at the time of filing that this Court lacked the requisite jurisdiction. Therefore, the Court finds that it is not in the interest of justice to transfer this action.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for a Modification or Reduction of Sentence (Docket No. 1) is DISMISSED.

DATED this 3rd day of July, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[17] *In re Cline*, 531 F.3d at 1251.